IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KRISTOFER W. STACHER                                                    PLAINTIFF

V.                              CASE NO.: 3:16-CV-03003

JOHN RUSSO, Public Defender's
Office; CHRISTOPHER CARTER,
Boone County Prosecuting Attorney;
JUDGE GORDAN WEBB; and
JUDGE JOHN PUTMAN                                                      DEFENDANTS

## OPINION AND ORDER

Plaintiff Kristofer W. Stacher filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.* Plaintiff is currently incarcerated in the Varner Unit of the Arkansas Department of Correction.

This matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the Court finds that this action should be summarily dismissed pursuant to Section 1915A and Section 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff was sentenced by Judge Webb to five years of probation beginning in November or December of 2011. In June of 2012, Plaintiff's probation was revoked, and Judge Webb sentenced Plaintiff to a term of eight months of incarceration to be served at the Boone County Detention Center.

Plaintiff alleges that in 2012, on some unspecified date, a hearing was held by Judge Putnam, outside Plaintiff's presence, on a *nunc pro tunc* motion; at which time, Plaintiff was sentenced to five years of probation. Plaintiff maintains Judge Putnam had

1

no jurisdiction over his case.

In February of 2013, Plaintiff alleges he was released and instructed to report to the probation office. At his first visit, Plaintiff asked his probation officer, Christian Dukes, when his probation would be over and was told in September of 2017.

On November 24, 2013, Plaintiff was arrested on a probation revocation warrant and incarcerated at the Boone County Detention Center. John Russo was appointed to represent Plaintiff. Chris Carter was the prosecuting attorney. Plaintiff alleges the initial sentencing order entered in 2011 was illegal. Plaintiff maintained that his probation should have been over at the time.

Plaintiff was released on his own recognizance on February 7, 2014. While he was in court, Plaintiff alleges that Chris Carter moved to dismiss the probation revocation charge and that John Russo agreed to the dismissal without discussing it with the Plaintiff.

On February 19, 2015, Plaintiff indicated he was arrested on various criminal charges which were later dismissed. However, in the interim, a motion was made to revoke his probation. He was arrested on the probation revocation warrant on September 15, 2015. On September 25, 2015, Plaintiff was sentenced, without the benefit of a hearing, to five years in the Arkansas Department of Correction. Plaintiff indicates he immediately informed John Russo that he wanted to appeal. Plaintiff states that on December 6, 2015, by letter, he again advised John Russo that he wanted to appeal the sentencing.

As relief, Plaintiff asks that: he be granted liberty; the named Defendants be prosecuted; and he be granted an award of damages.

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. DISCUSSION

After considering the above standards used in pre-service screenings under the PLRA, the Court finds that this case is subject to dismissal for a number of reasons.

First, John Russo is not subject to suit. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under

§ 1983.  *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Second, the claim for damages against Christopher Carter is subject to dismissal. The prosecuting attorney is immune from suit.  The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id.* at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  *Id.* at 430.  *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity, while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the Complaint, it is clear that Carter, a county prosecutor, is entitled to absolute immunity.  *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (county prosecutors entitled to absolute immunity from suit).

To the extent the Complaint seeks injunctive relief against Carter, the claim is not cognizable.  Although a prosecutor is not insulated by immunity for claims for declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct by the named defendant that is alleged to be illegal will recur.  Plaintiff can make no such showing here.

Third, the claims against Judge Gordan Webb and Judge John Putman are subject to dismissal.  The claims against these judges are based on actions taken by them in connection with criminal charges and/or probation revocation proceedings.  Judges Webb

and Putman are immune from suit.  *Mireles v. Waco*, 502  U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *see also Duty v. City of Springdale*, 42  F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability."  *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of [her] authority."  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  Judicial immunity is overcome if:  (1) the judge's challenged action is non-judicial; or (2) the judge's action, although judicial in nature, [was] taken in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11.  It is clear from the allegations of the Complaint that neither exception applies here.

Finally, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief.  In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983 case.  *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

## IV.  CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e), because Plaintiff's claims are frivolous and/or fail to state claims upon which relief may be granted.

**IT IS SO ORDERED** on this _____20th_____ day of April, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE